IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREATER PENNSYLVANIA CARPENTER'S PENSION FUND, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 14-956 |
| v. | ) ) | |
| NOVINGER'S, INC., KELLY SYSTEMS, INC., and NOVINGER GROUP, INC., | ) ) ) | Judge Cathy Bissoon |
| Defendants. | ) ) | |

**MEMORANDUM ORDER**

For the reasons that follow, the Motion for Summary Judgment (Doc. 16) filed by Greater Pennsylvania Carpenter's Pension Fund ("Plaintiff") will be GRANTED, in part, and DENIED, in part; the Motion for Summary Judgment (Doc. 40) filed by Novinger's, Inc., Kelly Systems, Inc., and Novinger Group, Inc. (collectively, "Defendants"), will be GRANTED, in part, and DENIED, in part; the Motion to Transfer Venue (Doc. 52) filed by Plaintiff will be DENIED; and Defendants' Motion to Strike Plaintiff's Motion to Transfer Venue (Doc. 54) will be DENIED.

**I.   MEMORANDUM**

Three motions currently are pending before the Court: Plaintiff's January 21, 2015 Motion for Summary Judgment, Defendants' May 11, 2015 Motion for Summary Judgment, and Plaintiff's July 17, 2015 Motion to Transfer Venue. The parties seek judgment as a matter of law with respect to all claims asserted in Plaintiff's Amended Complaint (the "Complaint" at Doc. 2) of August 1, 2014. Plaintiff's claims are made pursuant to the Employee Retirement

Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. 1381 *et seq.* ("MPPAA"), for Defendants' partial withdrawal from a multiemployer pension fund. Compl. at ¶¶ 10 – 24. Alternatively, Plaintiff requests that the Court transfer the present case to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a). (Doc. 52). This Court exercises subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

With respect to the parties' cross-motions for summary judgment, the material facts are undisputed.[1] Plaintiff claims that the facts establish Defendants' liability for interim withdrawal payments, interest, liquidated damages and reasonable costs and attorney fees under ERISA and MPPAA. (Docs. 17, 29, 46, 51). As an initial matter, the Court notes that the MPPAA requires an employer that withdraws prematurely from a pension plan to pay its pro rata share of its remaining obligations to the pension fund. Bd. of Trustees of Trucking Emp. of North Jersey Welfare Fund, Inc.-Pension Fund v. Kero Leasing Corp., 377 F.3d 288, 394 – 95 (3d Cir. 2004) (citing 29 U.S.C. § 1381(b)(1)). When such a withdrawal is suspected by a pension fund, the following events typically occur:

> First, the trustees of the plan determine that an employer has withdrawn within the meaning of the MPPAA. 29 U.S.C. §§ 1382(1), 1399(b)(1)(A)(I). The trustees then notify the employer of its liability, demand payment, and offer an amortization schedule. Id. at §§ 1382(2), 1382(3), 1399(b)(1)(B). The employer then has ninety days to request that the trustees conduct a reasonable review of the amount of liability. Id. at § 1399(b)(2)(A)(I). If the dispute is not resolved at that time, either party may initiate arbitration within the relevant time period set forth in [29 U.S.C.] § 1401(a)(1). An employer will waive its statutory rights to dispute aspects of the Fund's liability determination where arbitration is not demanded within the time period prescribed by the statute. [IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc., 788 F.2d 118, 129 (3d Cir. 1986)]. During arbitration, determinations made by the Fund regarding withdrawal liability amounts or classification of an employer as a responsible party are entitled to a presumption

---

[1] Since the Court writes primarily for the parties, it need not reiterate the factual or procedural background of this case, except insofar as may be helpful in the following discussion.

> of correctness, unless the employer shows by a preponderance of the evidence that the determinations are unreasonable or clearly erroneous. Id. at § 1401(a)(3)(A).

Kero Leasing Corp., 377 F.3d at 294 n. 5. Notwithstanding the process by which a pension fund's claims against an employer are resolved, an employer must begin making interim withdrawal payments within sixty days of a pension fund's initial notice of liability. Id. (citing 29 U.S.C. §§ 1399(c)(2), 1401(d)).

There is no dispute that the parties to the present case went through the above steps, concluding in arbitration. As such, Defendants were liable for interim withdrawal payments. See Galgay v. Beaverbrook Coal Co., 105 F.3d 137, 141 (3d Cir. 1997) (holding that when a pension fund demonstrates that withdrawal liability was assessed, the employer was notified, and payments were not made, nothing more is required for a court to compel interim withdrawal payments). Defendants are quick to point out, however, that the arbitrator overseeing the withdrawal dispute issued a final decision in favor of Defendants on February 6, 2015, and that Plaintiff's arguments regarding interim payments are moot, because pension funds must return overpayments when a dispute is resolved in an employer's favor. See 29 U.S.C. § 1401(d); 29 C.F.R. § 4219.31(d).

Title 29, United States Code, Section 1401(d) states that "[p]ayments shall be made by an employer . . . until the arbitrator issues a final decision with respect to the determination submitted for arbitration." Flying Tiger Line v. Teamsters Pension Fund of Phila., 830 F.2d 1241, 1246 n. 9 (3d Cir. 1987). Plaintiff disputes whether a 'final' decision was issued by the arbitrator, and argues that Defendants have a continuing liability for interim payments. (Docs. 29 at 2–5; 46 at 12–15; 51 at 4–5). Plaintiff's argument is belied by the plain wording of the arbitrator's February 6, 2015 opinion. (Doc. 24-1 at 6–31 ("Arbitrator's Ruling on Motion No.

2")). Following her analysis of the evidence and arguments presented by both parties, the arbitrator unequivocally stated that Defendants were the "prevailing party in this proceeding," and that the only remaining question was whether Defendants "should be awarded . . . attorney's fees and costs." Id. at 29. The arbitrator went on to state that she found Plaintiff's issuance of a September 25, 2013 letter denying Defendants' request for review of the partial withdrawal liability assessment to be "unreasonable," and that Plaintiff's conduct during the arbitration process was "dilatory." Id. at 30.

The arbitrator ultimately "awards attorneys' fees and costs" to Defendants, and found that 29 U.S.C. § 1388(d)(1) exempted Defendants from partial withdrawal liability. Id. at 31. Thus, the only outstanding issue to be resolved was the final dollar amount Plaintiff would owe Defendants for attorney fees and costs. Even viewed in the light most favorable to Plaintiff, it is clear to this Court that the arbitrator rendered a "final" decision on February 6, 2015. The arbitrator's denial of Plaintiff's March 20, 2015 Motion for Reconsideration due to untimeliness, see 29 C.F.R. § 4221.9(a), and her explicit statement that the February 6, 2015 Ruling was dispositive, is further evidence to this effect. (Doc. 48-1 at 6).

The plain wording of 29 U.S.C. § 1399(c)(2) likewise renders Plaintiff's position unavailing. The Court agrees with the Court of Appeals for the Second Circuit that the obligations contained in § 1399(c)(2) are "crystal clear." T.I.M.E.-DC, Inc. v. Mgmt.-Labor Welfare & Pension Funds, of Local 1730 Int'l Longshoremen's Ass'n, 756 F.2d 939, 947 (2d Cir. 1984). "'[R]eview' . . . means the informal review process outlined in § 1399(b)(2)(A) under which the employer . . . may ask the plan sponsor to review the determination." Id. at 947 n. 1. "'[A]ppeal' refers to the formal arbitration proceedings provided for in § 1401." Id. There is no indication that Congress intended for "review" or "appeal" to apply to a litigant's resort to

the federal courts following an arbitrator's final decision, thus prolonging Plaintiff's entitlement to interim withdrawal payments indefinitely. Such an interpretation would directly conflict with the plain wording of § 1401(d): "[p]ayments shall be made by an employer . . . until the *arbitrator* issues a final decision." (emphasis added).

Additionally, despite Plaintiff's claim to the contrary, the arbitrator notes that the "parties had agreed to proceed by briefs." (Doc. 48-1 at 6). As such, it appears that Plaintiff did waive its right to a hearing, and Plaintiff provides no contrary evidence in rebuttal. Lastly, although the arbitrator did not render her decision within 30 days of receipt of the last submission by the parties, in accordance with 20 C.F.R. § 4221.8(b), Plaintiff has provided the Court with no compelling reason to disregard the arbitrator's award, nor has Plaintiff presented evidence that its interests were in some way prejudiced by the delay. Plaintiff is not, therefore, entitled to interim withdrawal payments or interest therefrom.

The next issue is that of Defendants' liability for liquidated damages and attorney fees and costs. The Court notes that the "pay now, dispute later" principle of the MPPAA is well established. Bd. of Trustees of Trucking Emp. of North Jersey Welfare Fund, Inc.-Pension Fund v. Centra, 983 F.2d 495, 508 (3d Cir. 1992). It is of no import that the ultimate disposition of a case may be in an employer's favor; interim withdrawal payments are mandatory. Id. at 507- 8; Kero Leasing Corp., 377 F.3d at 303. The refusal of an employer to make such payments forces pension funds to resort to the courts for relief by enforcement of MPPAA rights. Kero Leasing Corp., 377 F.3d at 303.

Defendants do not dispute that they failed to make the interim withdrawal payments required by statute. As such, 29 U.S.C. § 1451(b) and 29 U.S.C. § 1132(g)(2) direct the Court to impose liquidated damages, attorney fees and costs. Trustees of the Amalgamated Ins. Fund. v.

5

Crown Clothing, Inc., 27 F.Supp.2d 507, 515 (D. N.J. 1998). Defendants' sole argument against the imposition of said damages is that the circumstances of the case warrant the adoption by this Court of an equitable exception. (Docs. 24 at 9 – 10; 26 at 16 – 20; 42 at 8 – 15). However, the Court of Appeals for the Third Circuit has explicitly declined to recognize such an exception. Id. at 513 (citing Galgay, 105 F.3d at 140). This Court finds no reason to deviate from that holding, and regardless of the arbitrator's ultimate ruling against Plaintiff, Defendants have provided insufficient evidence that Plaintiff lacked a "colorable" or "non-frivolous" claim. Galgay, 105 F.3d at 140 – 41. Defendants are, therefore, liable for liquidated damages, attorney fees and costs borne by Plaintiff, and the Court will direct Plaintiff to submit an application for said award.

In light of the above findings by the Court, Plaintiff's Motion to Transfer Venue and Defendants' Motion to Strike Plaintiff's Motion to Transfer Venue will be denied as moot.

## II. ORDER

For the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (**Doc. 16**) is **GRANTED**, in part, and **DENIED**, in part. Plaintiff's Motion for Summary Judgment is granted insofar as it seeks liquidated damages, attorney fees and costs, and it is denied insofar as it seeks interim withdrawal payments.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (**Doc. 40**) is **GRANTED**, in part, and **DENIED**, in part. Defendants' Motion for Summary Judgment is granted insofar as it seeks to avoid interim withdrawal liability, and denied insofar as it seeks to avoid liability for liquidated damages, attorney fees and costs.

IT IS FURTHER ORDERED that Plaintiff's Motion to Transfer Venue (**Doc. 52**) will be **DENIED**.

6

IT IS FURTHER ORDERED that Defendants' Motion to Strike Plaintiff's Motion to Transfer Venue (**Doc. 54**) will be **DENIED**.

IT IS FURTHER ORDERED that Plaintiff shall file an Application for liquidated damages, attorney fees and costs borne by Plaintiff, with supporting documentation, on or before **October 15, 2015**.

IT IS SO ORDERED.

September 28, 2015

                                                                         s\Cathy Bissoon
                                                                         Cathy Bissoon
                                                                         United States District Judge

cc (via ECF email notification):

All counsel of record.